NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1054
_____

JACOB ANDERSON,
                                        Appellant

v.

ABINGTON HEIGHTS SCHOOL DISTRICT; PH.D. MICHAEL MAHON,
Superintendent; PH.D. THOMAS QUINN, Assistant Superintendent;
MICHEAL ELIA, Principal of Abington Heights Middle School;
EDUARDO ANTONETTI, Vice Principal of Abington Heights
Middle School; BRIAN KELLY, School Counselor

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-12-cv-02486)
District Judge: Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 6, 2018

Before: AMBRO, SCIRICA, and RENDELL, *Circuit Judges*

(Filed: July 22, 2019)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Jacob Anderson is a student in the Abington Heights School District who receives disability accommodations under Section 504 of the Rehabilitation Act, 28 U.S.C. §§ 701 *et. seq.* In 2012, Jacob's mother, Kim Anderson, initiated a special education proceeding against the School District, claiming he was deprived of legally mandated educational accommodations, including during a school disciplinary incident. The parties subsequently settled the claim. Jacob then brought a new case revisiting the disciplinary incident, making several claims, of which only two remain at issue. The District Court found that Jacob's Section 504 violation claim was barred by the terms of the prior settlement agreement and his breach of fiduciary duty claim was barred by the defendants' statutory immunity from liability. We will affirm.

## I.

Jacob was a thirteen-year-old student at Abington Heights Middle School in February 2011. He has two diagnoses, ADHD and dysthymia, for which he receives instructional support through a Section 504 plan. On February 24, 2011, the School District developed a suspicion that Jacob was distributing "spice," or synthetic marijuana, on school property. The next day, the School District held him in in-school suspension and conducted several interviews with him during the course of the day. Participants in these interviews and in Jacob's detention included Principal Michael Elia; Vice-Principal Eduardo Antonetti; and school counselor, Brian Kelly. The School District did not inform Ms. Anderson of the investigation until she called the school after Jacob failed to arrive

home on the bus, at which point Antonetti asked her to come to school and notified her of the disciplinary incident.

Before the School District took further disciplinary action against Jacob, Superintendent Michael McMahon met with the school's special education director and determined that Jacob's behavior was not a manifestation of his disabilities. The School District never informed Ms. Anderson that the school was in the process of making this determination, nor did the School District allow her to contribute to or challenge it. The School District subsequently conducted an expulsion hearing, at which Jacob and Ms. Anderson were present, but without legal counsel. Jacob was found in violation of school policies and was expelled for the remainder of the 2010–11 school year and for the 2011–12 school year, with instructions to reapply for the 2012–13 school year.

In November 2011, Ms. Anderson requested a special education due process hearing, pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et. seq.*, and Section 504. The Hearing Officer held the School District violated Jacob's rights both in failing to thoroughly evaluate and accommodate his disabilities in the years prior to 2011 and in failing to follow procedural safeguards for a disabled student in the disciplinary proceeding itself. The School District appealed the decision to the United States District Court for the Middle District of Pennsylvania. The parties settled, and the Court dismissed their case accordingly.

Approximately three months later, Ms. Anderson filed the complaint in this case. Jacob was subsequently substituted as plaintiff because, once he turned eighteen, Ms. Anderson no longer had standing to sue on his behalf. Several of Jacob's claims were

dismissed with prejudice, and he then had an opportunity to amend his complaint to allege facts sufficient to support his remaining claims. On a second motion to dismiss, additional claims were dismissed from the case, leaving claims of Fourteenth Amendment Due Process violation, breach of fiduciary duty as to three of the individual defendants, and violation of Section 504 of the Rehabilitation Act still in dispute. After discovery, the District Court granted summary judgment to the School District on all of the remaining claims. Jacob now appeals the Court's order as to the Section 504 and breach of fiduciary duty claims.[1]

## II.

We will affirm the grant of summary judgment. The settlement of the initial dispute fully resolved the Section 504 claim that Jacob now attempts to revisit. He currently alleges that, in the February 24–25, 2011 disciplinary incident that resulted in his expulsion, he never received "an impartial hearing" or other "review procedure," violating his right to an equal education under Section 504. App. Vol. II, 38–39. The earlier proceeding adjudicated and subsequently settled precisely this issue. In that proceeding, Ms. Anderson brought Section 504 and IDEA claims against the School District, including the claim that Jacob was deprived of a hearing or equivalent

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331; the Rehabilitation Act of 1973, 29 U.S.C. § 701; and 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment, viewing the facts and all reasonable inferences in the light most favorable to the non-moving party. *See Norfolk S. Ry. v. Basell USA Inc.*, 512 F.3d 86, 91 (3d Cir. 2008). Summary judgment may be granted where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

procedural protections during the February 24–25, 2011 disciplinary incident. The Hearing Officer ruled in favor of Ms. Anderson, and the parties later stipulated that "[the School District]'s failure to conduct a manifestation hearing and/or Section 504 hearing was fully adjudicated" during the hearing. Pl.'s Statement of Facts Mot. Partial Summ. J. 3:12-cv-02486-RDM, ECF No. 94, ¶ 41; *see also* Def.'s Answer Statement of Facts, No. 101, ¶ 41.

The School District appealed the Hearing Officer's decision to the District Court, where the parties entered mediation. They settled, agreeing "to resolve, without further legal proceedings, the issues raised in the above referenced matter." Settlement Agreement 3:12-cv-02486-RDM, ECF No. 8, Ex. 4, 1. Specifically, Ms. Anderson released "all claims regarding the Student's educational programming and/or placement, that they may now have or which may in the future arise relative to the above disputes . . . including claims . . . that they and/or the Student may otherwise have arising under the IDEA, Section 504 of the Rehabilitation Act, or the ADA." *Id.* at 7. The agreement also provided that it "does not settle claims that are non-educational in nature which may arise from the investigation [of] February 24 and 25, 2011, including a claim pursuant to Section 504, . . . but does settle all claims under Section 504 . . . based upon, related to, or arising out of the Student's 504 plans . . . ." *Id.* at 7–8.

Jacob's claim that he was denied a hearing to which he was entitled pursuant to his Section 504 plan is clearly educational in nature and "arise[s] out of the Student's 504 plans." *Id.* at 8. It is thus released by the settlement agreement according to the agreement's plain text. *See Pennsbury Vill. Assocs., LLC v. Aaron McIntyre*, 11 A.3d

906, 914 (Pa. 2011) (citations omitted) ("[I]t is well settled that the effect of a release is to be determined by the ordinary meaning of its language."). As the District Court discussed, there may exist some claims Jacob could bring which would allege a Section 504 violation of his right to equal participation in schooling during the February 2011 incident, yet would not arise out of his Section 504 accommodations plan.[2] Here, though, Jacob's claim falls squarely within the scope of the settlement agreement. Because his Section 504 claim is barred by the settlement agreement, we do not consider the District Court's alternative holdings on the merits.

Jacob next contends the District Court erred in granting summary judgment to the School District on his breach of fiduciary duty claim. We will affirm the Court's holding that all three individual defendants (Elia, Antonetti, and Kelly) are immune from suit under the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), which protects local officials and the agencies employing them from liability for injury. 42 Pa. Cons. Stat. § 8541; *see Sanford v. Stiles*, 456 F.3d 298, 314–15 (3d Cir. 2006). The PSTCA includes eight exceptions allowing liability for particular kinds of injury, none of which are at issue here. *Id.* § 8542(b). An additional exception provides that PSTCA immunity does not apply where "the act of the employee caused the injury" and the act constitutes "willful misconduct." *Id*. § 8550. Willful misconduct is "a demanding level of fault," requiring that "the actor desired to bring about the result that followed or at least was

---

[2] The District Court offers, as an example of the type of claim that may not be released by the settlement agreement, "an argument that [Jacob's] prolonged detention on February 25, 2011, excluded him from participation in, or denied him the benefit of, attending his classes, and that this detention was by reason of his disability as opposed to those reasons asserted by the defendants." App. Vol. II, 31.

6

aware that it was substantially certain to follow, so that such desire can be implied." *Sanford v. Stiles*, 546 F.3d 298, 315 (3d. Cir. 2006) (quoting *Renk v. City of Pittsburgh*, 537 Pa. 68, 75 (Pa. Sup. Ct. 1994) (internal quotation marks omitted)).

Jacob's complaint alleges that, because of several acts of the defendants, including not calling the police, detaining Jacob for an entire school day, and not notifying Jacob's mother of his detention until the end of the day, Jacob experienced "pain, psychological and emotional suffering." App. Vol. II, 34. He argues these actions constitute "a willful specific choice" by the individual defendants. Appellant Br. 25. But Jacob points to no evidence indicating that the individual defendants desired to cause him any injury, nor that they were aware these actions would certainly do so. There is therefore no genuine issue of material fact as to whether the individual defendants committed willful misconduct, and they are immune from suit as a matter of law. Because the defendants are immune from suit, it is unnecessary to address the District Court's alternative holdings relating to whether they could be liable for breach of duty if not immune.

## III.

For the foregoing reasons, we will affirm.